NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BYRON WILLIS,

      Plaintiff - Appellant,

  v.

CITY OF BAKERSFIELD; SANTOS
LUEVANO,

      Defendants - Appellees.

No. 24-3154

D.C. No.
1:21-cv-01077-CDB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Christopher Dale Baker, Magistrate Judge, Presiding

Submitted December 3, 2025[**]
San Francisco, California

Before: RAWLINSON and SANCHEZ, Circuit Judges, and ROSENTHAL,

District Judge.[***]

Appellant Byron Willis challenges the district court's grant of summary

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

judgment on his false arrest/false imprisonment and malicious prosecution claims in favor of Appellee-Defendants Detective Santos Luevano and the City of Bakersfield. We have appellate jurisdiction under 28 U.S.C. § 1291, and we affirm.

This court reviews the district court's summary judgment ruling de novo. *See Kendall Jackson Winery Ltd. v. E & J Gallo Winery*, 150 F.3d 1042, 1046 (9th Cir. 1998). To prevail on a claim for false arrest under the Fourth Amendment or California law, a plaintiff must "demonstrate that there was no probable cause to arrest him." *See Norse v. City of Santa Cruz*, 629 F.3d 966, 978 (9th Cir. 2010) (quoting *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam)); *Cornell v. City & County of San Francisco*, 17 Cal.App.5th 766, 788 (2017). A probable cause inquiry "merely asks whether, under the totality of the circumstances, a prudent officer would have believed there was a fair probability that [a person] committed a crime." *United States v. Collins*, 427 F. 3d 688, 691 (9th Cir. 2005).

Because Willis has not established a genuine dispute of material fact whether Defendants had probable cause to support his arrest, Willis's false imprisonment and malicious prosecution claims fail as a matter of law. In the 32 hours between the victim's assault and Willis's arrest, law enforcement gathered evidence against Willis that included a composite sketch formed from the victim's

recollection, the victim's identification of Willis in a photographic lineup, and the identification of Willis by two independent citizens based on the composite sketch released to the media. Under a "totality of the circumstances," the evidence was sufficient to support Willis's arrest on December 4, 2019 because a reasonably prudent officer would believe that there was a fair probability that Willis had assaulted the victim. *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018*)*.

That later evidence pointed law enforcement in a different direction and cleared Willis of the crime does not negate a finding of probable cause at the time of Willis's arrest. *See, e.g., McSherry v. City of Long Beach,* 584 F.3d 1129, 1135-36 (9th Cir. 2009) (holding that a victim's identification and information alone can support a finding of probable cause to arrest); *Peng v. Penghu*, 335 F.3d 970, 976-78 (9th Cir. 2003) (finding probable cause to arrest based on one witness providing sufficiently detailed facts regarding the incident).

Willis contends that facts left out of Detective Luevano's arrest warrant affidavit create genuine disputes of material fact which precluded the district court's grant of summary judgment. We disagree. Under a "judicial deception" theory of liability, a plaintiff must show that "but for" the misstatement or omission, probable cause would have been lacking. *Liston v. County of Riverside*, 120 F.3d 965, 973 (9th Cir. 1997). Here, although the omitted information may have proved relevant to a reviewing magistrate, we agree with the district court

that "this information collectively [did] not vitiate the existence of probable cause to issue the arrest warrant." *See Ewing v. City of Stockton*, 588 F.3d 1218, 1224-25 (9th Cir. 2009) (holding that warrant application's false statements about the plaintiff were not material because an independent source was sufficient to establish probable cause); *Lombardi v. City of El Cajon*, 117 F.3d 1117, 1126-27 (9th Cir. 1997) (holding that warrant application which failed to mention bias by confidential informants nevertheless supported probable cause where the informants' statements were detailed and given independently); *Smith v. Almada,* 640 F.3d 931, 938 (9th Cir. 2011) (finding probable cause despite omission of certain facts from arrest warrant application).

Moreover, the Constitution does not require a law enforcement officer executing a search warrant "to investigate independently every claim of innocence, whether the claim is based on mistaken identity," "[n]or is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation." *Baker v. McCollan*, 443 U.S. 137, 145-46 (1979). Thus, despite later obtained evidence which cleared Willis of his criminal charges, no reasonable jury could have found that officers lacked probable cause to arrest Willis. Summary judgment was appropriately granted.

**AFFIRMED.**